# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Calvin L. Spencer,

                Plaintiff,        Case No. 15-cv-14226
                                    Hon. Judith E. Levy
v.                                      Mag. Judge David R. Grand

Brandy, Jonai Washington, and
Taco Bell,

                Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [9]

On February 10, 2016, the Court entered an order dismissing plaintiff's case for lack of subject matter jurisdiction. (Dkt. 7.) The Court held that because plaintiff's complaint was nearly identical to a case that was previously dismissed, the court lacked subject matter jurisdiction under claim and issue preclusion. (Id. at 3-4.)

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the

motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

Plaintiff appears to argue that he was told he could only include one defendant in his original filing, which is why he filed separate cases against each defendant based on the same allegations. Even if that were the reason that plaintiff filed separate cases based on the same operative facts, it does not change the jurisdictional analysis; the

previous case was dismissed for failure to state a claim and the proposed amendment would not cure that problem. Accordingly, this Court lacks jurisdiction to consider the case. Plaintiff's additional request to be granted leave to amend the complaint to include Darien Maben in this case fails for the same reason. Plaintiff's case against Darien Maben was previously dismissed, and cannot be relitigated here.

Plaintiff's motion for reconsideration (Dkt. 9) is therefore denied.

IT IS SO ORDERED.

Dated: May 6, 2016                s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2016.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager